Dear Mr. Burton:
We received your request for our opinion on behalf the Beauregard Parish School Board. According to the information provided in the request, the school board is considering selling two parcels of immovable property, non-sixteenth section lands, and the buildings located thereon owned by it. The property is currently used to house offices of the board. The school board would like to use the revenue generated from the sale to construct new offices at a different location.
You question if, pursuant to La.R.S. 41:891, the school board must determine that the property at issue is no longer needed for school purposes prior to the sale or may it simply anticipate that it will no longer be needed once the sale is complete and the new facilities are constructed. La.R.S. 41:891 provides as follows:
 Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands, the school board shall have authority to dispose of such lands at public auction or under sealed bids in accordance with the procedure set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands, school indemnity lands or any other school lands for the sale of which the law already has provided a procedure in Chapter 6 of Title 41 of the Louisiana Revised Statutes or elsewhere in the law.
When a law is clear, there is no need to look for further interpretation. This statute quite clearly provides that the determination of the school board that the lands at issue are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands precedes the actual sale of the property. The procedure to be followed for such a sale is outlined in La.R.S. 41:892.
Therefore, it is our opinion that La.R.S. 41:891 clearly mandates that the determination by the school board that the lands at issue are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of them precedes the actual sale of the property. Thus, the Beauregard Parish School Board must make such a determination prior to the sale. It may not simply anticipate that the lands at issue will no longer be needed once the sale is complete and the new facilities are constructed.
You further ask if the school board may continue to use the lands after the sale until such time as the new facilities are completed. We considered this very same issue in Atty. Gen. Op. No. 99-134. A copy is attached for your review. We opined that a school board could retain possession of property which it sold for a period of two years after the sale. The continued use of the property is simply a valid term and/or condition of the sale which the parties may in their discretion establish.
In sum, the Beauregard Parish School Board must determine that the lands at issue are no longer needed for school purposes as per La.R.S.41:891 before it actually sells the property. The parties to the sale may agree that the school board may continue to use the property until new facilities are constructed.
We trust that this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
OPINION NUMBER 99-134
May 24, 1999
97 School School Districts — Property, Contracts, Etc. R.S. 41:891 892
A school board may provide, as part of the terms and conditions of the sale of unused non-16th Section lands, that the lands be sold for a price in excess of the appraised value thereof, and that the purchaser shall not take possession of the lands for a period of two years after the sale.
Mr. Olden C. Toups, Jr. Attorney at Law 234 Huey P. Long Avenue P. O. Box 484 Gretna, LA 70054